**AFFIRMED; and Opinion Filed July 23, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01180-CR**

**UBOL NORA ROMANO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-82499-2012**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Appellant Ubol Nora Romano pleaded guilty to the offense of driving while intoxicated. She was sentenced to fifteen days in the Collin County Jail and $1947 in court costs. Appellant argues the trial court erred by denying her pretrial motion to suppress because the State failed to prove either a traffic violation or reasonable suspicion to justify the warrantless stop. We affirm.

### DISCUSSION

In her issue, appellant contends the trial court abused its discretion by denying the pretrial motion to suppress because the State failed to prove that the police officer had either probable cause or reasonable suspicion to pull over appellant's vehicle. Specifically, appellant argues the reasons proffered by the State for the warrantless stop—failing to signal a lane change, weaving within the lane, and driving below the speed limit—were insufficient to justify the stop.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated

standard. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We do not engage in our own factual review; the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *Id.*; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost complete deference to the trial court in determining historical facts, and we review de novo the court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We will uphold the trial court's ruling on the motion if that ruling was supported by the record and was correct under any theory of law applicable to the case. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

Under the Fourth Amendment, a warrantless detention of a suspect must be justified by a reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, taken together with rational inferences from those facts, would lead him reasonably to conclude that the person detained is engaged in criminal activity. *Elias*, 339 S.W.3d at 674. We use an objective standard, disregarding the actual subjective intent or motive of the detaining officer and looking, instead, to whether there was an objective justification for the detention. *See id*. But a "*Terry* stop" must rest on the facts known to the officer at the time of the stop and not on subsequently-acquired knowledge. *See Terry*, 392 U.S. at 21–22; *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005).

On February 17, 2012, at approximately 11:47 p.m., in McKinney, Texas, appellant was

stopped while driving her vehicle by McKinney Police Department Officer Travis Ray.[1] Ray, who was the only witness to testify in the hearing, testified that his attention was first drawn to appellant's vehicle because he thought it was traveling "at least ten miles an hour below the speed limit" as he came up behind her in the same direction of travel. Ray continued to follow the vehicle because, based on the "time of night" and his law enforcement training, he thought there "may be something about this vehicle that I needed to take note of." Ray said that he saw the vehicle swaying or drifting within its lane and striking the right-hand curb with the right front and rear tire: "I observed what I would characterize as swerving, weaving, drifting within the lane, speed below the speed limit—at least ten miles—varying speeds, and striking the right-hand curb with the right front and rear tire." Ray recalled seeing "at least one clear time" the left tires of appellant's vehicle cross the "broken" center line to the left, then return back to the same lane, all without using her turn signal as he believed to be required under section 545.104(a) of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 545.104(a) (West 2011) ("An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.").

After appellant's vehicle crossed the center line, Ray saw it abruptly "overcorrect" towards the right and strike the curb. He also testified: "I would describe her driving overall as drifting. At times it became more abrupt, and I would describe it as more as a swerve [sic]. It never seemed to me she could drive a straight line consistently." Ray followed appellant's vehicle for approximately a mile before concluding, based on appellant's driving and the traffic offense he observed, that there was reasonable suspicion of driver impairment or intoxication. It was at this point that Ray initiated the stop of appellant's vehicle that led to her arrest for driving while intoxicated.

---

[1] It was stipulated by both sides that this was a warrantless stop.

On cross-examination, Ray estimated that appellant's vehicle travelled "a foot or two" over to the left when her tires crossed the center line into the other lane. He also testified that while this movement was taking place, he did not recall seeing any other vehicles in the area and appellant's maneuver did not cause any "dangerous conditions" to other drivers. He added that he did not see appellant's vehicle jump the curb or bounce off the curb, but it came into contact with and then "came off the curb."

Ray's in-car video camera system recorded the incident. The video recording, which was admitted at the suppression hearing, shows Ray's police car turning right, after which appellant's vehicle can be seen in the distance. The in-car camera then shows the police car following appellant's vehicle, gradually closing the distance between the two vehicles. When the police car moves closer to appellant's vehicle, the two left tires of appellant's vehicle, which is traveling in the right lane, can be seen drifting over the white line separating the lanes of traffic at least twice. At times, the vehicle's two right tires appear to come very close to the curb.[2] There are no vehicles on the road other than appellant's car and Ray's police cruiser. After following appellant for several minutes, Ray activates his emergency lights and stops appellant's vehicle in a nearby parking lot.

The State argues reasonable suspicion of driving while intoxicated existed to stop appellant's vehicle, given the totality of the circumstances. Appellant cites an opinion from this Court to argue that we have "very recently rejected this sort of last-ditch, catch-all, argument regarding totality of the circumstances in a very similar but unpublished case." *Smith v. State*, No. 05-11-00742-CR & 05-11-00743-CR, 2012 WL 1059703, at *4 (Tex. App.—Dallas March 30, 2012, pet. ref'd) (not designated for publication) (bumping curb once without more indicia of intoxication does not support reasonable suspicion for stop).

---

[2] It is impossible to determine from the video footage whether the vehicle's tires actually touched the curb.

*Smith*, however, is distinguishable because there are additional indicia of intoxication here that were not present in that case.  *See id.*  In addition to driving very close to the curb, appellant's vehicle twice drifted into the adjacent lane of traffic without signaling, drove below the speed limit, swerved, and never seemed able to "drive a straight line consistently."  Looking at the totality of the circumstances observed and considered by Ray, we conclude he had specific, articulable facts that, when taken together with rational inferences therefrom, would lead him reasonably to believe appellant was driving while intoxicated.  Thus, the officer had reasonable suspicion to stop and detain appellant.  We overrule appellant's issue.

We affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
121180F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

UBOL NORA ROMANO, Appellant

No. 05-12-01180-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-82499-2012.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 23rd day of July, 2013.


/Lana Myers/
LANA MYERS
JUSTICE